CV 12 4524

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ SEP 10 2012 ★

LONG ISLAND OFFICE

-----------------------------------------------------------x

ABOUBACAR DIALLO, Individually and as
Treasurer of FUTA ISLAMIC CENTER INC.,
and FUTA ISLAMIC CENTER INC.,

                             Plaintiffs,

                    - against -

ROBERT TROTTA, THE COUNTY OF
SUFFOLK, "JOHN DOE" #1 and "JOHN
DOE"#2,

                             Defendants

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

WEXLER, J.

TOMLINSON, M

-----------------------------------------------------------x

      Plaintiffs, by their attorney, Benjamin Heinrich, P.C., complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiff Aboubacar Diallo and Futa Islamic Center Inc. by the Civil Rights Act of 1871, 42 U.S.C. §1983 and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

      2. Plaintiff Aboubacar Diallo is a resident of the United States and the Treasurer of Futa Islamic Center Inc. who, on November 17, 2010, was operating a motor vehicle when two Suffolk County police officers, stopped, seized, and detained him, searched his vehicle without a warrant and without probable cause to seize and detain him or to search his vehicle, discovered in the vehicle and opened a closed bag containing the sum of $16,503.00, which plaintiff Aboubacar Diallo was holding in his capacity as Treasurer of plaintiff Futa Islamic Center Inc., and called defendant Robert Trotta, a Suffolk County Police Department detective, who seized the funds found in plaintiff

Aboubacar's vehicle. The search of plaintiff Aboubacar Diallo's vehicle and the seizure of the funds was the result of a policy or practice of seizing and retaining property without providing written notice of any civil forfeiture proceeding or to providing prompt post-seizure retention hearings with adequate and meaningful notice adopted or approved by defendant The County of Suffolk. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the plaintiffs' constitutional and civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, defendant Robert Trotta can be found within the Eastern District of New York, and defendant County of Suffolk is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Aboubacar Diallo is a resident of the United States who resides in the State of New York.

6. Plaintiff Futa Islamic Center Inc. is a corporation organized and existing under and by virtue of the laws of the State of New York.

7. Plaintiff Aboubacar Diallo is an officer, to wit, the Treasurer, of plaintiff Futa Islamic Center Inc.

8. Defendant The County of Suffolk is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

9. At all times relevant herein, defendant The County of Suffolk maintained a police department.

10. Defendant Robert Trotta is a natural person who, at all times relevant to this action, was employed by defendant The County of Suffolk as a police officer.

11. At all times relevant herein, defendant Robert Trotta was acting within the scope of his employment by defendant The County of Suffolk.

12. Defendants "John Doe" #1 and "John Doe" #2 are natural persons who, at all times relevant to this action, were employed by defendant The County of Suffolk as a police officers.

13. At all times relevant herein, defendants "John Doe" #1 and "John Doe" #2 were acting within the scope of their employment by defendant The County of Suffolk.

## STATEMENT OF CLAIMS

14. Plaintiffs incorporate by reference paragraphs 1 through 13 of this complaint as though the same were set forth fully herein.

15. On November 17, 2010, plaintiff Aboubacar Diallo was operating a motor vehicle on Mastic Road, in Mastic, in the County of Suffolk, State of New York.

16. At the aforesaid time and place, plaintiff Aboubacar Diallo had in his possession in the vehicle the sum of $16,503.00 in a closed container.

17. Plaintiff Aboubacar Diallo possessed the sum of $16,503.00 in his capacity as the Treasurer of plaintiff Futa Islamic Center Inc.

18. At the aforesaid time and place defendants "John Doe" #1 and "John Doe" #2 directed plaintiff Aboubacar Diallo to stop his motor vehicle.

19. Defendants "John Doe" #1 and "John Doe" #2 directed plaintiff Aboubacar Diallo to exit his motor vehicle.

20. Defendants "John Doe" #1 and "John Doe" #2 then searched plaintiff Aboubacar Diallo's motor vehicle.

21. Defendants "John Doe" #1 and "John Doe" #2 did not have a search warrant or other legal process authorizing the search of plaintiff Aboubacar Diallo's motor vehicle.

22. Defendants "John Doe" #1 and "John Doe" #2 lacked any basis to formulate a reasonable, articulable suspicion that plaintiff Aboubacar Diallo had engaged in or was about to engage in criminal conduct.

23. Defendants "John Doe" #1 and "John Doe" #2 lacked any basis to formulate a reasonable, articulable suspicion that plaintiff Aboubacar Diallo's vehicle contained any weapon or other contraband.

24. Plaintiff Aboubacar Diallo was not free to leave while defendants "John Doe" #1 and "John Doe" #2 conducted a search of his vehicle.

25. Defendants "John Doe" #1 and "John Doe" #2 did not find any weapon, drug or contraband on the person of plaintiff Aboubacar Diallo.

26. Defendants "John Doe" #1 and "John Doe" #2 did not find any weapon, drug or contraband in plaintiff Aboubacar Diallo's vehicle.

27. During the search of plaintiff Aboubacar Diallo's motor vehicle, defendants "John Doe" #1 and "John Doe" #2 came upon a closed container containing the sum of $16,503.00.

28. Upon discovering the sum of $16,503.00 in plaintiff Aboubacar Diallo's motor vehicle, defendants "John Doe" #1 and "John Doe" #2 communicated with defendant Robert Trotta.

29. Defendant Robert Trotta responded to the location where defendants "John Doe" #1 and "John Doe" #2 had stopped and searched plaintiff Aboubacar Diallo's motor vehicle.

30. Defendants "John Doe" #1 and "John Doe" #2 detained plaintiff Aboubacar Diallo at the location where they had stopped his vehicle until defendant Robert Trotta arrived.

31. Plaintiff Aboubacar Diallo was not free to leave while defendants "John Doe" #1 and "John Doe" #2 awaited the arrival of defendant Robert Trotta.

32. The seizure and detention of plaintiff Aboubacar Diallo by defendants "John Doe" #1 and "John Doe" #2 constituted an arrest.

33. Defendant Robert Trotta seized the sum of $16,503.00 which defendants "John Doe" #1 and "John Doe" #2 found in plaintiff Aboubacar Diallo's vehicle.

34. Defendants Robert Trotta, "John Doe" #1 and "John Doe" #2 did not have any warrant or other legal process authorizing the seizure of the funds which were found in plaintiff Aboubacar Diallo's vehicle.

35. Defendants Robert Trotta, "John Doe" #1 and "John Doe" #2 lacked any basis to believe that the funds found in plaintiff Aboubacar's vehicle were either the instrumentality or the proceeds of a crime.

36. After seizing the sum of $16,503.00 from plaintiff Aboubacar Diallo, defendant Robert Trotta departed.

37. Plaintiff Aboubacar Diallo was not charged with the commission of any crime.

38. The sum of $16,503.00 seized from plaintiff Aboubacar Diallo has never been returned to him or to plaintiff Futa Islamic Center Inc.

39. The seizure, frisk, detention, arrest, imprisonment and search of plaintiff Aboubacar Diallo and his vehicle were made without probable cause to believe that he had committed a crime.

40. To date, the defendants have not served either plaintiff Aboubacar Diallo or plaintiff Futa Islamic Center Inc with notice of any civil forfeiture proceeding seeking forfeiture of the $16,503.00 seized from plaintiff Aboubacar Diallo.

41. The defendants failed to provide a prompt post-seizure retention, as required by the United States Court of Appeals for the Second Circuit in the case of *Krimstock v. Kelly*, 306 F.3d 40 (C.A. 2d Cir. 2002).

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

42. Plaintiffs incorporate by reference paragraphs 1 through 41 of this Complaint as though the same were set forth fully herein.

43. The seizure, detention, arrest and imprisonment of plaintiff Aboubacar Diallo were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

44. Plaintiff Aboubacar Diallo was aware of his seizure, detention, arrest and imprisonment by defendants "John Doe" #1 and "John Doe" #2.

45. Plaintiff Aboubacar Diallo did not consent to his seizure, detention, arrest or imprisonment.

46. As a result of the foregoing, plaintiff Aboubacar Diallo was deprived of his liberty, was imprisoned, was greatly humiliated, and was subjected to mental and physical distress, embarrassment and humiliation.

47. The seizure, detention, arrest and imprisonment of plaintiff Aboubacar Diallo deprived him of his right to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of

the Constitution of the United States.

48. Defendants "John Doe" #1 and "John Doe" #2 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Aboubacar Diallo.

49. Defendants "John Doe" #1 and "John Doe" #2 deprived plaintiff Aboubacar Diallo of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Aboubacar Diallo.

## COUNT TWO
## THE UNREASONABLE SEARCH OF PLAINTIFF ABOUBACAR DIALLO'S VEHICLE UNDER 42 U.S.C. §1983

50. Plaintiffs incorporate by reference paragraphs 1 through 49 of this Complaint as though the same were set forth fully herein.

51. Defendants "John Doe" #1 and "John Doe" #2 did not have a search warrant or other legal process authorizing the search of plaintiff Aboubacar Diallo's vehicle.

52. The search of plaintiff Aboubacar Diallo's vehicle by defendants "John Doe" #1 and "John Doe" #2 deprived the plaintiff of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

53. Defendants "John Doe" #1 and "John Doe" #2 were acting under color of state law when they conducted a search of plaintiff "Aboubacar Diallo's vehicle.

54. Defendants "John Doe" #1 and "John Doe" #2 deprived plaintiff Aboubacar Diallo of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching plaintiff Aboubacar Diallo's vehicle.

## COUNT THREE
## UNREASONABLE SEIZURE OF FUNDS UNDER 42 U.S.C. §1983

55. Plaintiffs incorporate by reference paragraphs 1 through 54 of this Complaint as though the same were set forth fully herein.

56. Defendants Robert Trotta, "John Doe" #1 and "John Doe" #2 did not have any warrant or other legal process directing or authorizing the seizure of funds from plaintiff Aboubacar Diallo or his vehicle.

57. Defendant Robert Trotta was acting under color of state law when he seized the funds from plaintiff Aboubacar Diallo without a warrant authorizing such seizure.

58. Defendant Robert Trotta deprived plaintiff Aboubacar Diallo of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States, and his right not to be deprived of his property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by seizing the sum of $16,503.00 from plaintiff Aboubacar Diallo.

59. Defendant Robert Trotta deprived plaintiff Futa Islamic Center Inc. of its right to be secure against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States, and its right not to be deprived of its property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by seizing the sum of $16,503.00 from its treasurer, Aboubacar Diallo.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

60. Plaintiffs incorporate by reference paragraphs 1 through 59 of this Complaint as

though the same were set forth fully herein.

61. Defendant The County of Suffolk adopted, implemented and enforced a policy or practice of seizing and retaining property without providing written notice of any civil forfeiture proceeding in connection with the property taken and retained by its employees.

62. Defendant The County of Suffolk fails to provide prompt post-seizure retention hearings with adequate and meaningful notice of property seized by police officers.

63. The existence of the unconstitutional policy to seize and retain property without providing written notice of any civil forfeiture proceeding or to provide prompt post-seizure retention hearings with adequate and meaningful notice of property seized by its police officers is documented in the action filed against defendant The County of Nassau in the matter of William Morales *et anos*. v. Richard Dormer, in his official capacity as Commissioner of the Suffolk County Police Department *et anos*. United States District Court, Eastern District of New York, 08 CV 4270.

64. Defendant The County of Suffolk knew, or should have known, that as a direct result of this policy or practice, the Constitutional rights of plaintiffs Aboubacar Diallo and Futa Islamic Center Inc. would be violated.

65. Defendant The County of Suffolk implemented, enforced, encouraged, sanctioned and failed to rectify such policy or practice with deliberate indifference to and disregard for the constitutional rights of individuals, and more particularly, the constitutional rights of plaintiffs Aboubacar Diallo and Futa Islamic Center Inc.

66. Defendant The County of Suffolk was acting under color of state law when it formulated and implemented a policy or practice of seizing and retaining property without providing written notice of any civil forfeiture proceeding in connection with the property taken and retained by its employees, and of failing to provide prompt post-seizure retention hearings.

67. The seizure and retention of funds from plaintiff Aboubacar Diallo deprived the plaintiffs of their right not to be deprived of their property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

68. Defendant The County of Suffolk deprived plaintiffs Aboubacar Diallo and Futa Islamic Center of their rights not to be deprived of their property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983 by adopting and implementing a policy or practice of seizing and retaining property without providing written notice of any civil forfeiture proceeding in connection with the property taken and retained by its employees, and of failing to provide prompt post-seizure retention hearings.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

69. Plaintiffs incorporate by reference paragraphs 1 through 68 of this Complaint as though the same were set forth fully herein.

70. The acts complained of were carried out by defendants Robert Trotta, "John Doe" #1 and "John Doe" #2 in their capacities as police officers and employees of defendant The County of Suffolk, with all the actual and/or apparent authority attendant thereto.

71. The acts complained of were carried out by defendants Robert Trotta, "John Doe" #1 and "John Doe" #2 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of The County of Suffolk and the Suffolk County Police Department, all under the supervision of ranking officers of said department.

72. Defendant The County of Suffolk implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping, seizing, searching and arresting persons on insufficient

evidence and without probable cause, in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

73. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The County of Suffolk include, but are not limited to, the following:

(a) Defendant The County of Suffolk failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals and their vehicles consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The County of Suffolk failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The County of Suffolk failed properly to train police officers in the circumstances under which a person's vehicle can be searched without a warrant;

(d) Defendant The County of Suffolk failed properly to train police officers in the circumstances under which monetary funds can be seized from an individual;

(e) Defendant The County of Suffolk failed property to train police officers in the requirement for a warrant authorizing the seizure of property and/or funds from individuals;

(f) Defendant The County of Suffolk failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and searches of vehicles;

(g) Defendant The County of Suffolk failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(h) Defendant The County of Suffolk failed properly to monitor searches of vehicles made by its police officers to determine if its police officers were following proper standards for the warrantless searches of vehicles consistent with the requirements of the Fourth and Fourteenth

Amendments of the Constitution of the United States;

(I) Defendant The County of Suffolk failed properly to monitor the seizure of funds and property by its police officers to determine if its police officers were following the proper standards for the warrantless seizure of property from individuals;

(j) Defendant The County of Suffolk failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(k) Defendant The County of Suffolk failed to discipline police officers for making warrantless searches of vehicles;

(l) Defendant The County of Suffolk failed to discipline police officers for making warrantless seizures of funds and other property from individuals.

74. The failure of defendant The County of Suffolk properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

75. The stop, search, detention, and arrest of plaintiff Aboubacar Diallo, the search of his vehicle and the seizure of the sum of $16,503.00 from him resulted from the failure of defendant The County of Suffolk properly to train, supervise, monitor and discipline its police officers in the standards of probable cause, the requirements for warrantless arrests and searches, and the requirement of a warrant for the seizure of funds and personal property.

76. Defendant The County of Suffolk was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests, searches and seizures without probable cause and warrantless seizures of funds and property.

77. Defendant The County of Suffolk deprived plaintiff Aboubacar Diallo of his rights to be free of unlawful searches and seizures and not to be deprived of his property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of

the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests and searches and the requirement of a warrant for the seizure of money or property.

78. Defendant The County of Suffolk deprived plaintiff Futa Islamic Center Inc. of its right not to be deprived of its property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirement of a warrant for the seizure of money or property.

79. The aforesaid conduct of defendant The County of Suffolk violated the plaintiffs' rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

80. Plaintiffs incorporate by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. Upon information and belief, at all times relevant herein, defendant The County of Suffolk was aware from Notices of Claim, from lawsuits, from claims filed with the Suffolk County Police Department and from the Suffolk County Police Department's own observations, that defendants Robert Trotta, "John Doe" #1 and "John Doe" #2 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

82. Upon information and belief, defendant The County of Suffolk failed adequately to investigate prior complaints against these officers.

83. The failure of defendant The County of Suffolk properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

84. Nevertheless, defendant The County of Suffolk exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

85. Defendant The County of Suffolk knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiffs Aboubacar Diallo and Futa Islamic Center Inc. would be violated.

86. Defendant The County of Suffolk implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiffs Aboubacar Diallo and Futa Islamic Center Inc.

87. Defendant The County of Suffolk was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

88. Defendant The County of Suffolk deprived plaintiff Aboubacar Diallo of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by

adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the stop, detention and arrest of plaintiff Aboubacar Diallo, the search of his vehicle and the seizure of the funds of Futa Islamic Center Inc. in his custody.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
September 4, 2012

BENJAMIN HEINRICH, P.C.

Benjamin Heinrich (BH9043)
Attorney for Plaintiff
189 E. 163rd Street
Bronx, New York 10451
(718) 588-4400