UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABOUBACAR DIALLO, individually and as Treasurer of FUTA ISLAMIC CENTER, INC., and FUTA ISLAMIC CENTER,

                                      Plaintiffs,

-against-

ROBERT TROTTA, THE COUNTY OF SUFFOLK, JOHN DOE #1 and JOHN DOE #2,

                                      Defendants.

**ANSWER TO COMPLAINT**

CV 12-4524 (LDW)(AKT)

**JURY TRIAL DEMANDED**

Defendants, ROBERT TROTTA and THE COUNTY OF SUFFOLK, by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Brian C. Mitchell, Assistant County Attorney, answering plaintiff's Complaint, respectfully:

1. Aver that the allegations contained in the paragraphs numbered 1, 3 and 4 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny the allegations contained in paragraphs numbered 2, 39 and 41 of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 5, 6, 7, 9, 12, 13, 15, 16, 17, 18, 19 through 36 inclusive of the complaint.

4. Answering the paragraph numbered 14 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

## ANSWERING COUNT ONE

5. Answering the paragraph numbered 42 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6. Deny the allegations contained in paragraphs numbered 43, 46 and 47 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 44, 45, 48 and 49 of the complaint.

## ANSWERING COUNT TWO

8. Answering the paragraph numbered 50 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 51, 52, 53 and 54 of the complaint.

## ANSWERING COUNT THREE

10. Answering the paragraph numbered 55 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 56 of the complaint.

12. Deny the allegations contained in paragraphs 58 and 59 of the complaint.

## ANSWERING COUNT FOUR

13. Answering the paragraph numbered 60 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 61, 62, 63, 64, 65, 66, 67 and 68 of the complaint.

## ANSWERING COUNT FIVE

15. Answering the paragraph numbered 69 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 70 and 71 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 72, 73, 74, 75, 76, 77, 78 and 79 of the complaint.

## ANSWERING COUNT SIX

18. Answering the paragraph numbered 80 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 81, 82, 83, 84, 85, 86, 87 and 88 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. That the Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. That this Court lacks subject matter jurisdiction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

30. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

31. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

32. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34. To the extent that the Complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35. To the extent that the Complaint purports to set forth any supplemental state law claims, they are barred by the Statute of Limitations.

WHEREFORE, defendants demand judgment against the plaintiffs dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
November 29, 2012

DENNIS M. COHEN
Suffolk County Attorney
Attorney for Defendants

H. Lee Dennison Building
100 Veterans Memorial Highway
P. O. Box 6100
Hauppauge, New York 11788

BY: *[signature]*
BRIAN C. MITCHELL
Assistant County Attorney

To: BENJAMIN HEINRICH, P.C.
 Attorney for Plaintiffs
 189 E. 163rd Street
 Bronx, NY 10451