UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABOUBACAR DIALLO, individually and as
Treasurer of FUTA ISLAMIC CENTER, INC.,
and FUTA ISLAMIC CENTER,

                         Plaintiffs,

-against-

ROBERT TROTTA, THE COUNTY OF
SUFFOLK, STEPHEN KROLIKIEWICZ and
JOHN DOE,

                         Defendants.

**ANSWER TO AMENDED COMPLAINT**

**CV 12-4524 (LDW)(AKT)**

**JURY TRIAL DEMANDED**

Defendants, DET. ROBERT TROTTA and THE COUNTY OF SUFFOLK and P.O. STEPHEN KROLIKIEWICZ, by their attorney, Dennis M. Brown, Suffolk County Attorney, by Brian C. Mitchell, Assistant County Attorney, answering plaintiff's Complaint, respectfully:

1. Aver that the allegations contained in the paragraphs numbered 1, 3 and 4 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny, knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 2, 6, 7, 11, 13, 14, 15, 23, 24, 25, 26, 27, 28, 29, 32, 33, 34, 35, 36, 37, 39, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 58, 59, 60, 61, 53, 64, 65, 67, 68, 69, 70, 72, 73, 74, 75(a), 75(b), 75(c), 75(d), 75(e), 75(f), 75(g), 75(h), 75(i),

1

75(j), 75(k), 75(l), 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 88, 89 and 90 of the Complaint, and refer/refers all questions of law to the Court.

3. Deny, knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 5, 17, 18, 19, 20, 21, 22, 30, 31, 38 and 40 of the Complaint.

4. Deny, knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 8 of the Complaint, except admits that Suffolk County is Municipal Corporation.

5. Deny, knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 9 of the Complaint, except admits that Suffolk County Police Department is administrative agency of the County of Suffolk.

6. Deny, knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 10 of the Complaint, except admits that Det. Robert Trotta is employed by the Suffolk County Police Department.

7. Deny, knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 11 of the Complaint, except admits that P.O. Stephen Krolikiewicz is employed by the Suffolk County Police Department.

8. Answering the paragraph numbered 16(1-15), 44(17-43), 52(45-51), 57(53-56), 62(58-61), 71(63-70) and 82(72-81) of the Complaint, defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. That the Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

10. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

11. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

12. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

13. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

14. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

15. That municipal defendants are not liable for punitive damage awards.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

16. That this Court lacks subject matter jurisdiction.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

17. That plaintiffs' claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. That defendant's actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

19. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

21. That defendants acted in what they did solely pursuant to their duties and responsibilities

as law enforcement and/or prosecuting officials.

22. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

23. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

24. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

25. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

26. That the Suffolk County Police Department is not an entity susceptible to suit. See, e.g., Wilson v. City of New York, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992).

WHEREFORE, defendants demand judgment against the plaintiff(s dismissing the Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        July 1, 2013

Yours, etc.,

DENNIS M. BROWN
Suffolk County Attorney
Attorney for Defendants
COUNTY OF SUFFOLK,
DET. ROBERT TROTTA,
and P.O. STEPHEN
KROLIKIEWICZ
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
(631) 853-4049

By: _____
Brian C. Mitchell
Assistant County Attorney

To: Benjamin Heinrich, P.C.
    198 E. 163rd Street
    Bronx, N.Y. 10451